**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mia Capers,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-16-04559-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Mia Capers's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, Pl.'s Br.), Defendant SSA Commissioner's Opposition (Doc. 15, Def.'s Br.), and Plaintiff's Reply (Doc. 16, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 12, R.) and affirms the Administrative Law Judge's decision (R. at 1068–1084) as upheld by the Appeals Council (R. at 1048–1052).[1]

**I.     BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on January 6, 2015, and her Application for Supplemental Security Income on March 19, 2015, both for a period of disability beginning December 12, 2014. Plaintiff's claims were denied initially

---

[1] The record transposes the first and second page of the final "Notice of Appeals Council Action." Thus, page 1048 of the record is in fact the second page of the letter from the Appeals Council upholding the ALJ's determination.

on July 2, 2015, and upon reconsideration on October 9, 2015. Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on October 15, 2015. (R. at 54–90.) On July 19, 2016, the ALJ denied Plaintiff's Applications. (R. at 1068–84.) On September 16, 2016, the Appeals Council upheld the ALJ's decision, (R. at 1058–61); however, the Appeals Council set aside its initial decision to consider additional information, (R. at 1049–52). After additional review, the Appeals Council once more upheld the ALJ's decision on November 25, 2016. (R. at 1049–52.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of fibromyalgia, obesity status post gastric bypass, lumbar degenerative disc disease, status post right Achilles tendon surgery, and bilateral carpal tunnel syndrome. (R. at 1071.) The ALJ concluded that Plaintiff has the residual function capacity ("RFC") to perform her past relevant work as a user support analyst and customer complaint clerk.

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step to determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.  ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred in weighing the opinions of treating physicians Drs. Xu and Wall; (2) the ALJ erred in determining that Plaintiff's testimony was not entirely credible; and (3) the ALJ erred in finding that Plaintiff's mental impairments were non-severe. (Pl.'s Br. at 1.)

#### A.  The ALJ Properly Weighed Dr. Xu's Assessment

Plaintiff contends the ALJ erred in weighing the opinions of Dr. Xu. (Pl.'s Br. at 15–16.) Although Dr. Xu, a psychiatrist, treated Plaintiff, his course of treatment consisted of two visits over the span of a single month. After Plaintiff's second visit, on October 10, 2015, Dr. Xu submitted a check-box style statement regarding Plaintiff's purported mental

health limitations. (R. at 610–11.) Dr. Xu opined that Plaintiff suffered from marked limitations in understanding instructions, remembering work-like procedures, using public transportation, and completing a normal work day. (R. at 611.) He additionally opined that Plaintiff was moderately limited in interacting with supervisors and co-workers, dealing with workplace stress, and maintaining regular attendance. (R. at 611.) Dr. Xu stated that the basis for this opinion was a "mental evaluation." (R. at 610.) However, he provided no further explanation or elaboration supporting his conclusions.

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830–31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* Dr. Xu's opinion was contradicted by the opinion of Dr. Shultz, an examining physician. In contrast to Dr. Xu, Dr. Schultz concluded among other things that Plaintiff exhibited "adequate memory and concentration." (R. at 572–74.)

The ALJ found Dr. Xu's opinion merited little weight because he only treated Plaintiff over two visits in one month (R. at 1074), which is insufficient to establish a treating relationship. Moreover, Dr. Xu's findings were on a checklist form unsupported by further explanation or treatment notes (R. at 1074), which is a valid reason for the ALJ to discount the findings. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) ("The ALJ . . . permissibly rejected [three psychological evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions.") The ALJ thus provided sufficient specific, legitimate reasons supported by the record for discounting Dr. Xu's opinion.

### B. The ALJ's Finding that Plaintiff's Mental Impairments Were Non-Severe Was Supported by Substantial Evidence

Plaintiff next argues that the ALJ erred at step two of her disability analysis by finding that Plaintiff's depression was not severe under the Act. (Pl.'s Br. at 24–25.) An

ALJ may find an impairment to be non-severe at step two of the Social Security disability inquiry if "the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996)). Put another way, the question is whether "the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Id.*

The regulations implementing the Act provide that a mental impairment is not severe if the degree of limitation it imposes is "mild." 20 CFR § 404.1520a(d)(1). Here, the ALJ pointed to substantial evidence to support her finding that Plaintiff's depression was no more than mild. In particular, the ALJ identified evidence that Plaintiff received only "minimal and conservative treatment for her impairments" (R. at 1072) and that Plaintiff is "capable of performing numerous adaptive activities independently, appropriately, effectively, and on a sustained basis" such that her limitations in daily living are mild (R. at 1073). The ALJ also cited evidence that Plaintiff "spends time with others," gets along with "family, friends, neighbors and . . . authority figures," and "participates in a pool league," such that a finding of only mild limitations in social functioning was supported by the record. (R. at 1073.) The ALJ also found that the documented findings of satisfactory memory and thought process were evidenced by, among other things, Plaintiff's ability to manage medications, handle money, and follow instructions. (R. at 1073.) Finally, the ALJ noted that the record contains no evidence of episodes of decompensation. (R. at 1074.) Thus, while Plaintiff has been diagnosed with major depressive disorder, the ALJ identified substantial evidence to support her finding— consistent with the findings of the state agency psychological consultants—that the impairment imposes only mild limitations on Plaintiff, such that it is not severe as contemplated by the Act. The Court finds no error in the ALJ's analysis and conclusion.

## C. The ALJ Properly Weighed Dr. Wall's Assessment

Plaintiff also argues that the ALJ erred in weighing the opinion testimony of Dr. Wall. (Pl.'s Br. at 17–18.) On Plaintiff's second visit, on March 18, 2016, Dr. Wall remarked that Plaintiff reported that she is "depressed" and "disabled," is having a "hearing for Social Security disability," and "will need a form filled out." (R. at 950.) A few months later, Dr. Wall prescribed a motorized scooter for Plaintiff. (R. at 1041–44.)

Dr. Wall's observations were contradicted by other medical assessments in the record, including those of Dr. Anyanwu. (R. at 469–76.) Because Dr. Wall's opinions were contradicted, the ALJ can reject them "for specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle*, 533 F.3d at 1164. The ALJ found Dr. Wall's opinions merited little weight because he only treated Plaintiff over a short period of time (R. at 1081), which is insufficient to establish a treating relationship. In addition, Dr. Wall's reports were inconsistent with Plaintiff's medical treatment record, because Plaintiff sought no treatment, or declined treatment such as physical therapy, for many of the conditions she claims (R. at 1079–81), which is a valid reason for the ALJ to discount the reports. Moreover, in physical examinations, Plaintiff exhibited a steady gait without an assistive device. (R. at 1080.) The ALJ thus observed that Dr. Wall's opinions were based on Plaintiff's subjective complaints but not physical examinations of Plaintiff. (R. at 1081.) In sum, the ALJ provided sufficient specific, legitimate reasons supported by the record for discounting Dr. Wall's reports.

## D. The ALJ Properly Considered Plaintiff's Symptom Testimony

Finally, Plaintiff argues that the ALJ erred in her consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 18–24.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1281)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ

may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

As the ALJ noted, Plaintiff testified that she was completely unable to work because of her "history of Achilles tendon repair and bone spur removal, sciatica, carpal tunnel syndrome and fibromyalgia." (R. at 1076.) The ALJ also noted Plaintiff's testimony that "she could lift five pounds and could stand from 10 to 15 minutes before experienc[ing] pain." (R. at 1077.)

The ALJ discounted certain of Plaintiff's testimony because it is inconsistent with her history of medical treatment. For example, Plaintiff declined physical therapy and never had recommended back surgery. (R. at 1079.) Furthermore, the ALJ remarked that the results of physical examinations are inconsistent with Plaintiff's subjective reports. (R. at 1079–81.) For example, Plaintiff has repeatedly exhibited normal grip strength and a full range of motion in her hands, although she claims to have neither. (R. at 1079–80.) The ALJ thus properly concluded that Plaintiff does have limitations resulting from her impairments, but not to the extent she testified. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1224–25 (9th Cir. 2010); *Burch*, 400 F.3d at 680–81.

In sum, Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Applications for Disability Insurance Benefits and Supplemental Security Income under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the July 19, 2016 decision of the Administrative Law Judge, (R. at 1068–84), as upheld by the Appeals Council on November 25, 2016, (R. at 1049–52).

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 16th day of January, 2019.

*Honorable John J. Tuchi*
United States District Judge